**Barry Alan LAYTON, Petitioner-Appellant,**

v.

**Steven K. BORDIN, Chief Probation Officer, Butte County, Respondent-Appellee.**

**No. 15-15319**

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2017 *

Filed March 14, 2017

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

Charles Marchand Bonneau, II, Esquire, Sacramento, CA, for Petitioner-Appellant

David Andrew Eldridge, AGCA-Office of the California Attorney General, Sacramento, CA, for Respondent-Appellee

Before: LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

MEMORANDUM **

Barry Alan Layton appeals from the district court's judgment denying his 28 U.S.C. § 2254 habeas corpus petition. We have jurisdiction under 28 U.S.C. § 2253. We review a district court's denial of a habeas corpus petition de novo, *see Casey v. Moore*, 386 F.3d 896, 904 (9th Cir. 2004), and we affirm.

Layton contends that his state conviction for carrying a concealed weapon under California Penal Code § 12025(a)(2) (2011) violates the Second Amendment. The state court's rejection of this claim was not contrary to, or based upon an unreasonable application of, clearly established Supreme Court law. *See* U.S.C. § 2254(d)(1); *see also Peruta v. Cnty. of San Diego*, 824 F.3d 919, 939 (9th Cir. 2016) (en banc) ("[T]he Second Amendment right to keep and bear arms does not include, in any degree, the right of a member of the general public to carry concealed firearms in public.").

We treat Layton's additional argument as a motion to expand the certificate of appealability. So treated, the motion is denied. *See* 9th Cir. R. 22-1(e); *Hiivala v.*

*See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999).

**AFFIRMED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.